14-4096-cv
Franklin v. McHugh

<span style="font-family: Old English">United States Court of Appeals</span>
**FOR THE SECOND CIRCUIT**

August Term, 2014

(Motion Submitted: February 10, 2015     Decided:  October 30, 2015)

Docket No. 14-4096-cv

LUTHER FRANKLIN,

*Plaintiff-Appellant,*

–v.–

JOHN MCHUGH, SECRETARY OF THE UNITED STATES ARMY,

*Defendant-Appellee.*

B e f o r e :

KEARSE, LIVINGSTON, and CARNEY, *Circuit Judges.*

In this action against John McHugh, Secretary of the United States Army, Luther Franklin seeks to appeal from the August 28, 2014 judgment of the United States District Court for the Eastern District of New York (Townes, *J.*) dismissing his complaint for lack of subject matter jurisdiction.  The Secretary moves to dismiss the appeal for lack of appellate jurisdiction, contending that Franklin's

notice of appeal was untimely filed. Franklin cross-moves for leave to correct his brief to reflect the date on which he first attempted to file a notice of appeal, or, in the alternative, for an order remanding the cause to allow the District Court to determine the notice's timeliness. We conclude that, because Franklin's counsel did not timely complete the electronic filing process that is established by the Eastern District's Local Rules, the notice of appeal was not timely filed. We therefore **GRANT** the Secretary's motion to dismiss, **DENY** as moot Franklin's cross-motion, and **DISMISS** the appeal for lack of appellate jurisdiction.

APPEAL DISMISSED.

————————

Peter J. Tomao, Esq., Garden City, NY, *for Appellant Luther Franklin*.

Jolie Apicella, Assistant United States Attorney, *for* Kelly T. Currie, Acting United States Attorney, Eastern District of New York, Brooklyn, NY, *for Appellee John McHugh*.

————————

SUSAN L. CARNEY, *Circuit Judge*:

In this action against John McHugh, Secretary of the United States Army, Luther Franklin seeks to appeal from the August 28, 2014 judgment of the United States District Court for the Eastern District of New York (Townes, *J.*) dismissing his complaint for lack of subject matter jurisdiction. The Secretary moves to dismiss the appeal for lack of appellate jurisdiction, contending that Franklin's notice of appeal was untimely filed. Franklin cross-moves for leave to correct his brief on appeal to reflect the date on which he first attempted to file a notice of

2

appeal, or, in the alternative, for an order remanding the cause to allow the District Court to determine the notice's timeliness. We conclude that, because Franklin's counsel did not timely complete the electronic filing process that was established by the Eastern District's Local Rules, the notice of appeal was not timely filed. We therefore **GRANT** the Secretary's motion to dismiss, **DENY** as moot Franklin's cross-motion, and **DISMISS** the appeal for lack of appellate jurisdiction.

## BACKGROUND

Franklin, a retired Lieutenant Colonel in the United States Army Reserve, filed his complaint in this action in the United States District Court for the Eastern District of New York on February 5, 2013, seeking correction of his military records, a retroactive promotion, and back pay. On August 28, 2014, the District Court filed a memorandum and order granting the Secretary's motion to dismiss the action for lack of subject matter jurisdiction. The Clerk's judgment was docketed on August 28, 2014, as reflected on the District Court's electronic docket sheet. App. 3-4. Because a United States officer was a party to the action, Franklin had until 60 days after entry of the judgment—until October 27, 2014—to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B).

3

On October 23, 2014, according to his declarations in this Court, Franklin's counsel Gary Port attempted to file the related notice of appeal electronically through the Case Management/Electronic Case Files ("CM/ECF") system, the federal judiciary's computerized case management system.[1] Port uploaded the notice of appeal and other requisite documents to the CM/ECF system on that day and paid the required $505 filing fee by accessing www.pay.gov, the federal government website for making payments to government agencies. Also on October 23, Port received an email from www.pay.gov transmitting a receipt for his payment.

As Port acknowledges, however, the CM/ECF system did not register the notice of appeal on the court docket on October 23 or, indeed, on any day from then through October 27. Rather, on October 28, after Port learned that the District Court docket sheet (operated through CM/ECF) did not reflect the notice

[1] As described by the Administrative Office of the U.S. Courts, PACER Service Center: "The Case Management/Electronic Case Files (CM/ECF) system is the Federal Judiciary's comprehensive case management system for all bankruptcy, district, and appellate courts. CM/ECF allows courts to accept filings and provides access to filed documents online. CM/ECF gives access to case files by multiple parties, and offers expanded search and reporting capabilities. The system also offers the ability to immediately update dockets and download documents and print them directly from the court system." Case Management/Electronic Case Files, https://www.pacer.gov/cmecf/ (last visited October 29, 2015). CM/ECF has been in use for over a decade. *See* N.Y. County Lawyers' Ass'n, *A Recommendation for the Uniformity of Some CM/ECF Protocols*, at 2-3 (June 12, 2006), https://www.nycla.org/siteFiles/Publications/Publications254_0.pdf.

of appeal, his office contacted the Eastern District's Clerk's Office. He states that "the [C]lerk's [O]ffice specifically instructed my office to refile the documents, and pay the fee again." Port Decl. ¶ 7 (Jan. 9, 2015) (ECF No. 51 at *5) ("Port Decl."). Port recounts that his office was "assured that the initial receipt of October 23, 2014 would stand as proof that we did timely file, but due to issues with the ECF system [the notice of appeal] did not get properly docketed." *Id.* Port then electronically filed the notice of appeal. The District Court docket reflects its filing on October 28.[2] App. 4. Counsel on appeal states that Franklin "filed a timely notice of appeal on October 28, 2014." Appellant's Br. at 3.

On January 5, 2015, the Secretary moved to dismiss the appeal as untimely filed.[3] Franklin cross-moved for leave to correct his appellate brief by amending it to assert that the notice of appeal was "filed" on October 23, 2014, or, in the alternative, for remand to the District Court for that court to determine the date of the notice's filing. In opposition to the Secretary's motion and in support of his own, Franklin argues principally that his notice of appeal was timely filed on October 23, 2014, when he attempted to file it and paid the required fee,

---

[2] On October 28, 2014, Franklin also moved for refund of the fee that he had paid on October 23. The District Court granted that motion.

[3] In addition, the Secretary moved for suspension of the remainder of the briefing schedule pending determination of the motion. As the appeal has now been fully briefed, the request for suspension of the briefing schedule is denied as moot.

5

notwithstanding that the notice did not appear on the District Court docket until he successfully filed it on October 28.

**DISCUSSION**

**A.  The jurisdictional import of timely filing**

The timely filing of a notice of appeal in a civil case is a prerequisite to the appellate court's jurisdiction.  *See Ray Haluch Gravel Co. v. Central Pension Fund*, 134 S. Ct. 773, 779 (2014); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("*Bowles*"); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013).  As the Supreme Court observed in *Bowles* in 2007, "[T]ime limits for filing a notice of appeal have been treated as jurisdictional in American law for well over a century."  551 U.S. at 209 n.2.  Like other jurisdictional requirements, the timely filing mandate is not subject to judicially created equitable exceptions, *see id.* at 214 (observing that the Supreme Court "has no authority to create equitable exceptions to jurisdictional requirements").

Federal Rule of Appellate Procedure 3 ("Appeal as of Right—How Taken") directs that the notice of appeal be filed with the district court clerk, and section 2107 of Title 28 of the U.S. Code ("Time for appeal to court of appeals") and Federal Rule of Appellate Procedure 4 ("Appeal as of Right—When Taken") establish the times within which notices of appeal must be filed.  When—as

6

here—a United States officer, sued in his official capacity, is a party to the litigation, the notice of appeal must be filed in the district court within 60 days after the court's entry of judgment. *See* 28 U.S.C. § 2107(b)(3); Fed. R. App. P. 4(a)(1)(B)(iii).

The Federal Rules of Civil Procedure permit a court to allow for electronic filing. *See* Fed. R. Civ. P. 5(d)(3) ("A court may, by local rule, allow papers to be filed . . . by electronic means . . . ."). Approximately two hundred federal courts now allow or mandate filing by electronic means through the federal judiciary's CM/ECF system. *See, e.g.*, Local Court CM/ECF Information Links, https://www.pacer.gov/cmecf/ecfinfo.html (last visited October 29, 2015).

In the Eastern District, electronic filing has been mandatory in counseled civil cases since 2004. *See* In re: Electronic Case Filing, Admin. Order 2004-08 (E.D.N.Y. June 22, 2004) ("Beginning on August 2, 2004, electronic case filing will be mandatory for all civil cases other than pro se cases . . . ."). With respect to the details of the electronic filing requirements, the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York direct "[p]arties serving and filing papers [to] follow the instructions regarding Electronic Case Filing (ECF) published on the website of each respective Court."

7

E.D.N.Y. & S.D.N.Y. R. 5.2(a).  They confirm that a document filed by electronic means in accordance with such instructions will be deemed properly filed.  *Id.*

The Eastern District publishes its instructions for electronic filing in that court's CM/ECF User's Guide, available on its website.  As relevant here, it instructs:

> Upon completion of an electronic filing the last screen you see is a **Notice [o]f Electronic Filing screen**.  This screen will tell you, among other things, the document number assigned to your document; will contain your electronic file stamp; and, at the bottom of the page, will notify you that a notice will be, or will not be, electronically mailed to counsel.

cm/ECF User's Guide, at 8, United States District Court for the Eastern District of New York (July 14, 2014) ("User's Guide"), https://www.nyed.uscourts.gov/ forms/cmecf-user-manual.

Although the Eastern District's instruction could have been more explicit,[4] it plainly implies that "an electronic filing" is not "complet[e]" until "the last screen," called "Notice of Electronic Filing," appears on the user's computer.

---

[4] *See* Electronic Filing Policies and Procedures, United States District Court for the District of Connecticut, at 7 (Oct. 10, 2013), http://ctd.uscourts.gov/ sites/default/files/forms/PPADMIN-ORDER%20rev%2010.10.13.pdf ("A document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing generated from the Court."); General Order #22: Administrative Procedures for Electronic Case Filing, United States District Court for the Northern District of New York, at 4 (Mar. 1, 2013), http://www.nynd.uscourts.gov/sites/nynd/ files/GO22_0.pdf ("Electronic transmission of a document to the System in accordance with these

8

**B.     Counsel's efforts in this case**

Here, although Franklin's counsel undoubtedly intended to file a notice of appeal electronically on October 23, 2014, his efforts fell short of the mark.  His account of his attempt to file electronically a notice of appeal on October 23 suggests strongly that counsel simply overlooked the last step of the process: he appears to have followed the electronic filing process through the fee-paying stage only, stopping upon receiving the receipt for payment.  He does not represent that he proceeded past that point or that he received the critical Notice

Administrative Procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes . . . ."); Electronic Case Filing Rules & Instructions, United States District Court for the Southern District of New York, at 6 (June 8, 2015), http://www.nysd.uscourts.gov/ecf/ECF%20Rules%20 Revision%20060815-FINAL%20+%20Addendum.pdf ("[E]lectronic filing of a document in the ECF system consistent with these procedures, together with the transmission of a Notice of Electronic Filing (NEF) from the Court, constitutes filing of the document for all purposes . . . .");  Administrative Procedures Guide for Electronic Filing, United States District Court for the Western District of New York, at 6 (Apr. 2014), http://www.nywd.uscourts.gov/sites/default/files/ Administrative%20Guide%20-%20amended%20April%202014_2.pdf ("A document shall not be considered filed for purposes of the Federal Rules of Civil and Criminal Procedure until the filing party receives a System generated Notice of Electronic Filing."); CM/ECF Attorney User Manual, United States District Court for the District of Vermont, at 9 (Nov. 17, 2008), http://www.vtd.uscourts.gov/sites/vtd/files/ECFUserManual.pdf ("Electronic transmission of a document to the ECF system, together with the transmission of a Notice of Electronic Filing (NEF) from the court, constitutes filing of a document . . . .  A document filed electronically shall be deemed filed at the time and date stated on the Notice of Electronic Filing received from the court.").

9

of Electronic Filing screen; and he appears to have failed at the time to notice the shortcoming.

As described in the User's Guide, only the appearance of the Notice of Electronic Filing screen would have confirmed that the notice of appeal was actually filed and docketed. The notice of appeal therefore was not "filed" with the Eastern District's Clerk's Office on October 23, and our Court is not at liberty to treat it as having been filed then. Rather, the record is plain that the notice was filed—untimely—on October 28, 2014.

Franklin submits no evidence that would permit a different conclusion. His counsel concedes that "the ECF system did not register on the court docket the filing" that he attempted on October 23. Port Decl. ¶ 5 (ECF No. 51 at *5). Although Franklin presents his receipt for payment of the filing fee dated October 23, the Eastern District's Local Rules provide no basis for construing that payment—made through an external website, and merely an intermediate step in the filing process—as "delivery" of a notice of appeal to the Clerk's Office. Although Port states that "[his] office" had a later conversation with the Clerk's Office, and he suggests that the Clerk's Office indicated to "[his] office" that the lack of docketing of his October 23 filing was "due to issues with the ECF system," (Port Decl. ¶ 7) neither Port's proffer of that hearsay, conclusory

statement nor his own characterization of the cause as an ECF system failure provides us with a basis for relieving Franklin of the effect of his untimely filing. *See Bowles*, 551 U.S. at 214-15. We therefore see no basis for the remand to the District Court that Franklin requests in the alternative, and we are compelled to conclude that the notice of appeal was not duly delivered to the Clerk's Office and filed until October 28—too late to vest our Court with jurisdiction over this appeal.

We certainly recognize that the implementation and updating from time to time of new, multilayered electronic-filing systems—ones that may vary from court system to court system—will present challenges for counsel, especially at early phases of their use. *See generally* N.Y. County Lawyers' Ass'n, *A Recommendation for the Uniformity of Some CM/ECF Protocols* (June 12, 2006), https://www.nycla.org/siteFiles/Publications/Publications254_0.pdf. But counsel have long been charged with becoming familiar and complying with the various local rules of our courts. The clerk's offices willingly make themselves available to answer questions and to assist counsel in meeting deadlines and filing documents that comport with applicable rules, and the courts offer training online and off–, and, in some cases, may provide exemptions from complying with certain technological demands. And, as observed above, electronic filing

11

through the CM/ECF system has been in place in the Eastern District for over a decade now.

This is not to say that there might not be occasions in which a true malfunction in the CM/ECF system or in Internet operation prevents or somehow distorts a timely electronic filing. In such an instance, the federal rules provide for the vigilant counsel a path to relief in the district courts from the otherwise unforgiving deadline that we apply here: Federal Rule of Appellate Procedure 4(a)(5)(A) empowers a district court to extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "shows excusable neglect or good cause." Thus, after Franklin's counsel learned on October 28 that his October 23 notice of appeal was not in fact "filed," he might have moved the District Court, within 30 days after the appeal deadline, *see* Fed. R. App. P. 4(a)(5)(A)(i), to extend the time for filing his notice of appeal. Absent an extension, however, the rule of *Bowles* means that our Court cannot accept Franklin's notice of appeal as timely. And the District Court no longer has authority to alter Franklin's time to appeal. *See* Fed. R. App. P. 4(a)(5)(C) and 4(a)(6).

We thus conclude that a notice of appeal is not "filed" for purposes of 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4 until counsel completes

the CM/ECF filing process in compliance with the applicable local district court rules—here, until a Notice of Electronic Filing screen shows that the notice of appeal has been docketed, delivered and therefore "filed" with the Clerk's Office. Because Franklin did not timely complete the filing process, the Secretary's motion to dismiss the appeal as untimely is granted, and the appeal is dismissed for want of jurisdiction.

## CONCLUSION

We have considered all of Franklin's contentions in support of appealability and have found them to be without merit. For the foregoing reasons, we **GRANT** the Secretary's motion to dismiss the appeal as untimely and **DISMISS** the appeal for lack of jurisdiction. Franklin's motion to correct his brief or for an order remanding the cause to the District Court is **DENIED** as moot.