## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50764
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2016

Lyle W. Cayce
Clerk

KAREN RENEE SUDDUTH,

Plaintiff - Appellant

v.

TEXAS HEALTH AND HUMAN SERVICES COMMISSION; TINA PHAM; DIAMOND MENDOZA; GARY GOSSETT; SANDRA COCHRAN; THOMAS M. SUEHS; CHRIS TRAYLOR, in his official capacity as Executive Commissioner of Health and Human Services Commission,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:

A notice of appeal of a district court's judgment is timely filed when it is docketed in a district court's Case Management/Electronic Case Files (CM/ECF) system and a notice of electronic filing of that appeal is sent to counsel. The notice of electronic filing received by Plaintiff–Appellant Karen Renee Sudduth reflected that her appeal was filed one day late. Accordingly, we DISMISS her appeal for lack of jurisdiction.

This case arises from a suit filed by Sudduth against Defendants–

No. 15-50764

Appellees Texas Health and Human Services Commission, Tina Pham, Diamond Mendoza, Gary Gossett, Sandra Cochran, Thomas M. Suehs, and Chris Traylor (Defendants), alleging that they had committed various discriminatory acts against her in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Following the district court's dismissal of some of Sudduth's claims, Defendants moved for summary judgment on Sudduth's remaining claims. On July 13, 2015, the district court granted Defendants' motion for summary judgment and entered its judgment that same day. According to the district court's docket, Sudduth's notice of appeal was then filed on August 13, 2015,[1] a full 31 days after judgment was entered and therefore a day beyond the time required for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U.S.C. § 2107.[2] Pursuant to the electronic filing procedures for the United States District Court for the Western District of Texas, a notice of electronic filing was sent to the parties in the case and reflected that the notice had been "filed on 8/13/2015" in the court's CM/ECF system. *See* W. Dist. of Tex., U.S. Dist. Court, *Administrative Policies and Procedures for Electronic Filing in Civil*

---

[1] Sudduth asserts, without record evidence, that her counsel timely filed a notice of appeal on August 12, 2015, but encountered technical problems. Even assuming that this was the case, we find for the reasons herein that her appeal was not timely filed.

[2] The rule, in relevant part, states:

 (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

Fed. R. App. 4(a)(1)(A). For its part, 28 U.S.C. § 2107 states:

(a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

28 U.S.C. § 2107(a).

No. 15-50764

*and Criminal Cases* § 2(h) (rev. 2013) [hereinafter Electronic Filing Procedures]. Sudduth subsequently did not file a motion for extension of time to file her notice of appeal or take any other curative measures.

On appeal, we requested that the parties brief whether this circuit should follow the Second Circuit's decision in *Franklin v. McHugh*, 804 F.3d 627 (2d Cir. 2015), which held that an appeal was "filed" on the date that the notice of electronic filing for the appeal was generated in the CM/ECF system and the receipt of filing was sent to counsel. Under the Second Circuit's approach, Sudduth's appeal would be untimely because the notice of electronic filing for her appeal was registered in the CM/ECF system one day after the prescribed period for filing an appeal had expired. Sudduth argues, however, that this circuit should not follow *Franklin*, that her case is distinguishable, and that, in any event, *Franklin* should not be retroactively applied to her. We find the Second Circuit's reasoning persuasive and Sudduth's arguments unavailing.[3]

It is well established "that the timely filing of a notice of appeal in a civil case [under Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U.S.C. § 2107] is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Following this rule, the Second Circuit in *Franklin* further held that a notice of appeal was not "filed" until an appellant's counsel had "complete[d] the CM/ECF filing process in compliance with the applicable local district court rules." *Franklin*, 804 F.3d at 632. In that case, the appellant's counsel had appealed a judgment from the United States District Court for the Eastern District of New York, but the notice of appeal was electronically filed a day after the filing period had expired. *Id.* at 629. The Second Circuit noted that

---

[3] Because we find jurisdiction lacking over the instant appeal, we decline to address Sudduth's merits arguments that the district court erred in granting summary judgment.

the Eastern District of New York mandated electronic filing in counseled civil cases (like many district courts), the Eastern District's local rules confirmed that an electronically filed document would be deemed properly filed, and the local rules and filing procedures plainly implied that an electronic filing was not complete until counsel received a notice of electronic filing.[4] *Id.* at 630–31. Because counsel for the appellant in *Franklin* had only received the notice of electronic filing on October 28, 2014, and the appeal had only become docketed on that date (despite counsel's intent to file it earlier), the appeal was untimely and the Second Circuit lacked jurisdiction there. *Id.* at 632.

The instant case presents a similar scenario. As the federal rules provide, "[a] local rule may require electronic filing only if reasonable exceptions are allowed." Fed. R. Civ. P. 5(d)(3). Here, the Western District of Texas, by local rule and electronic filing procedures, requires parties to file their notices of appeal electronically. W.D. Tex. Civ. R. 5(a)(1); *see also* Electronic Filing Procedures § 3(a). Moreover, the Western District of Texas' electronic filing procedures state that a notice of electronic filing is automatically generated when a document is docketed, that this notice includes the time of filing and docketing, and that a document is not timely filed on a day unless filing is completed before midnight. *See* Electronic Filing Procedures §§ 2(h), 7(c). Much like in *Franklin*, the Western District of Texas' local rules and filing procedures "plainly impl[y] that 'an electronic filing' is not

---

[4] The *Franklin* court noted that the filing instructions for the Eastern District of New York "could have been more explicit," but the court found that these instructions sufficiently indicated that a document was filed when counsel received a notice of electronic filing. *Franklin*, 804 F.3d at 630–31. This was because the court's CM/ECF guide stated that the notice of electronic filing contained a time stamp and that an electronic filing would be completed once users of the CM/ECF system arrived at the last screen for filing, which was the notice of electronic filing screen. *Id.* at 630. Moreover, the court noted that other district courts in the Second Circuit explicitly stated that a document was filed upon transmission of the notice of electronic feeling. *Id.* at 630 n.4.

No. 15-50764

'complet[e]'" until the notice of electronic filing is generated in the CM/ECF system and a receipt of filing is sent to counsel. *Franklin*, 804 F.3d at 631. We therefore find that—given the ability of district courts to require electronic filing and the Western District of Texas' own local rules and filing procedures— Sudduth's appeal was not filed until August 13, 2015, and is untimely.

In arguing that we should not adopt *Franklin*'s rationale, Sudduth argues that such an approach does not account for malfunctions in the CM/ECF system that can delay filing, which Sudduth allegedly encountered. To the contrary, both the Western District of Texas' filing procedures and the Federal Rules of Appellate of Procedure provide for curative action in the event that such technical issues arise. The electronic filing procedures state that "[a] Filing User whose electronic filing is or would be made untimely as the result of a technical failure in the Court's electronic filing system may seek appropriate relief from the Presiding Judge in the case." Electronic Filing Procedures § 17(b). In addition, the federal rules provide that a district court may extend the time to file a notice of appeal after a party moves for an extension no later than 30 days beyond the original filing deadline and upon a showing of excusable neglect or good cause. Fed. R. App. 4(a)(5); *see also Franklin*, 804 F.3d at 632 (responding to similar concerns regarding potential malfunctions in the CM/ECF system). Sudduth pursued neither of these options. Finally, Sudduth argues that she was not made aware of any jurisdictional defect until this court requested briefing on this issue and that, at the very least, *Franklin* should not be retroactively applied to her case because it is new law. But, as previously discussed, the local rules and procedures here were sufficiently clear as to the requirements for timely filing, and the onus is on Sudduth, not the court, to be aware of and cure any deficiencies in the notice of appeal.

No. 15-50764

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction.