FILED
United States Court of Appeals
Tenth Circuit

April 3, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. WAYNE KLEIN, as Receiver of
National Note of Utah, L.C.,

      Plaintiff Counter Defendant -
Appellee,

v.

KRISTINE S. OLSON; THE KRISTINE S.
OLSON PROFIT SHARING PLAN,

      Defendants Counterlcaimants -
Appellants,

and

LISA SANDERS SHAH,

      Defendant - Appellant.

No. 16-4215
(D.C. No. 2:14-CV-00614-BSJ)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **SEYMOUR**, and **LUCERO**, Circuit Judges.
_____

      Defendants Kristine S. Olson, The Kristine S. Olson Profit Sharing Plan, and

Lisa Sanders Shah appeal from the district court's grant of summary judgment in

favor of plaintiff R. Wayne Klein.  We dismiss the appeal for lack of jurisdiction.

_____

      [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

On August 25, 2014, Klein, as receiver of an entity called National Note of Utah, L.C. (National Note), filed this action challenging the validity of three assignments of beneficial interests (ABIs) issued by National Note to the three named defendants. The district court granted summary judgment in favor of Klein. Judgment in the case was entered on November 14, 2016.

On December 8, 2016, an employee of defendants' counsel logged onto the district court's Case Management/Electronic Case Files (CM/ECF) system, uploaded a notice of appeal document, and used a credit card to pay the appellate filing fee. The uploaded notice of appeal document, however, was not docketed because the employee prematurely exited the CM/ECF system before completing the third and final step in the online filing process. The third and final step requires a user to click or press a button in order to submit the uploaded document to be docketed.

On December 22, 2016, defendants' counsel became aware that the notice of appeal had not been docketed and asked the employee who had attempted to file the notice of appeal on December 8, 2016 to call the district court clerk's office. She did so and was told the payment she made on December 8, 2016 had been recorded, but there was no record of a notice of appeal having been filed. The employee therefore again logged onto the district court's CM/ECF system and this time completed all of the steps necessary for filing an appeal. This resulted in a notice of appeal being docketed on December 22, 2016.

2

On October 30, 2017, the clerk of this court issued an order directing the parties to file supplemental briefs addressing, in pertinent part, whether defendants' notice of appeal was timely filed for purposes of Fed. R. App. P. 4(a)(1). After receiving the parties' supplemental briefs and hearing oral argument, we issued an order on November 21, 2017, partially remanding the case to the district court to conduct an evidentiary hearing and make factual findings regarding the filing of defendants' notice of appeal.

The district court conducted an evidentiary hearing on January 23, 2018, and issued written factual findings concerning the steps taken by defendants' counsel to file a notice of appeal. Those findings, which are undisputed, have been incorporated into this order and judgment.

On March 6, 2018, the clerk of this court issued a supplemental briefing order directing the parties to file supplemental memorandum briefs addressing whether, in the circumstances presented here, the defendants filed a timely notice of appeal under Fed. R. App. P. 4(a)(1). The parties have since complied with that order.

II

The Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam)). "Although several of [its] recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, none of them calls into question [its] longstanding treatment of statutory time limits for

3

taking an appeal as jurisdictional." Id. at 210. Indeed, "those decisions have . . .

recognized the jurisdictional significance of the fact that a time limitation is set forth

in a statute." Id.

In this case, defendants were subject to a statutory time limit for filing their

notice of appeal. Specifically, as parties to "an action, suit or proceeding of a civil

nature," they were required by 28 U.S.C. § 2107(a) to file their notice of appeal

"within thirty days after the entry of [the] judgment, order or decree" being appealed

from. See Bowles, 551 U.S. at 208. If defendants' notice of appeal was not filed

within this thirty-day time limit, then we lack jurisdiction to entertain their appeal.

Id. at 209-11.

Defendants' position is that their notice of appeal was in fact filed on

December 8, 2016, and they offer three related arguments in support of their position.

First, they argue that their notice of appeal was "filed" once it was received by the

district court's CM/ECF system. More specifically, they argue that they "properly

delivered" their notice of appeal, and the clerk of the district court in turn "received"

it, when their counsel's legal secretary uploaded the notice of appeal document to the

district court's CM/ECF system on December 8, 2016. Defendants' Second Supp.

Br. at 4-6. Second, and relatedly, they argue that their "failure to abide by e-filing

rules merely constitutes a defect in form (in the electronic sense)." Id. at 6. In other

words, they argue, citing Fed. R. Civ. P. 5(d)(2)(A), that "[a] 'filing' occurs when the

document is delivered to the court, despite errors in form." Id. Lastly, they argue

that their "notice of appeal was improperly rejected" by the district court clerk

4

because it "was not processed and docketed after receipt." Id. at 9. Under Fed. R. Civ. P. 5(d)(4), they argue, the district court clerk was required to accept their notice of appeal for filing.

We reject defendants' arguments. To be sure, Fed. R. Civ. P. 5(d)(2)(A) provides that "[a] paper is filed by delivering it . . . to the clerk," and Fed. R. Civ. P. 5(d)(3) in turn provides that "[a] court may, by local rule, allow papers to be filed . . . by electronic means . . . ." In addition, Fed. R. Civ. P. 5(d)(4) states that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by" the Federal Rules of Civil Procedure "or by a local rule or practice." But in this case, it is undisputed that the employee assigned by defendants' counsel to file the notice of appeal failed to complete all of the steps required by the district court's CM/ECF system to actually file the notice of appeal on December 8, 2016. Although she uploaded the notice of appeal to the district court's CM/ECF system and paid the appellate filing fee on that date, she did not complete the third and final step of submitting the notice of appeal to be docketed. Instead, she prematurely logged out of the district court's CM/ECF system before completing this final step. Thus, contrary to defendants' arguments, there is no basis to conclude that their notice of appeal was delivered to or received by the clerk of the district court on December 8, 2016. To conclude otherwise would turn the district court's clear and unequivocal electronic filing rules into mere suggestions, and would effectively allow a pleading to be "filed" without the pleading being docketed and, in turn, without the district court's clerk or the opposing party knowing about it. And, finally, there is no basis

5

in the record to conclude that the clerk of the district court rejected or otherwise refused to file defendants' notice of appeal. Rather, the undisputed facts establish that defendants failed to properly file it on December 8, 2016.

We also note that defendants' arguments are undercut by the fact that on December 22, 2016, defendants' counsel, after learning that the notice of appeal had not been docketed, directed the same employee to log back into the district court's CM/ECF system and complete the filing of the notice of appeal.[1] It is apparent that this was an attempted curative measure on the part of defendants' counsel. Under the Federal Rules of Appellate Procedure, however, this did nothing to extend the time for filing the notice of appeal, nor did it otherwise render the notice of appeal timely. Instead, the proper course would have been for defendants' counsel to file with the district court a motion for extension of time pursuant to Fed. R. App. P. 4(a)(5). That rule allows a district court to "extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires" and the moving party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i), (ii). Unfortunately, such a motion for extension of time was never

---

[1] In their second supplemental brief, defendants note that the district court found that defendants' counsel's employee called the district court's clerk's office on December 22, 2016, to check on the status of the notice of appeal, was informed "there was no record of a notice of appeal having been filed," and that "[t]he Clerk's Office instructed her to refile the notice of appeal." Aplt. Supp. App. at 315. Defendants seem to be suggesting that they relied on the district court's clerk's office in deciding what step to take to remedy their failure to file the notice of appeal on December 8, 2016. We conclude, however, that the onus was on defendants' counsel, not the district court's clerk's office, to decide what step to take under the Federal Rules of Appellate Procedure to remedy the situation.

filed, and thus the district court was never asked to extend the time for defendants to file their notice of appeal.

Notably, the conclusion we reach in this case is consistent with the conclusion reached by the Second Circuit in Franklin v. McHugh, 804 F.3d 627 (2d Cir. 2015), a case that involved facts strikingly similar to those at issue here.  The appellants' counsel in Franklin "intended to file a notice of appeal electronically on October 23, 2014," but "his efforts fell short of the mark."  Id. at 631.  "His account of his attempt to file electronically a notice of appeal on October 23 suggests strongly that [he] simply overlooked the last step of the process."  Id.  More specifically, "he appears to have followed the electronic filing process through the fee-paying stage only, stopping upon receiving the receipt for payment."  Id.  There is no evidence that "he proceeded past that point or that he received the critical Notice of Electronic Filing screen; and he appears to have failed at the time to notice the shortcoming."  Id.

The Second Circuit in Franklin held, in light of these facts, that "[t]he notice of appeal . . . was not 'filed' with the . . . District's Clerk's Office on October 23," and that it was "not at liberty to treat it as having been filed then."  Id.  More specifically, the Second Circuit

> conclude[d] that a notice of appeal is not 'filed' for purposes of 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4 until counsel completes the CM/ECF filing process in compliance with the applicable local district court rules—here, until a Notice of Electronic Filing screen shows that the notice of appeal has been docketed, delivered and therefore 'filed' with the Clerk's Office.

7

Id. at 632.  The Second Circuit also emphasized, as have we, that there is a limited

remedy that is available in situations such as those that occurred in Franklin and here:

> [T]he federal rules provide for the vigilant counsel a path to relief in the
> district court from the otherwise unforgiving deadline that we apply
> here: Federal Rule of Appellate Procedure 4(a)(5)(A) empowers a
> district court to extend the time to file a notice of appeal if "a party so
> moves no later than 30 days after the time prescribed by this Rule 4(a)
> expires" and "shows excusable neglect or good cause."

Id.; see Suduth v. Tex. Health and Human Servs. Comm'n, 830 F.3d 175, 178-79 (5th

Cir. 2016) (reaching the same conclusion).

Because defendants did not file a timely notice of appeal, we must dismiss

their appeal for lack of jurisdiction.

## III

The appeal is DISMISSED for lack of jurisdiction.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

8