# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2018

Lyle W. Cayce
Clerk

No. 17-40975
Summary Calendar

LEILA HERNANDEZ,

> Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS - PAN AMERICAN; UNIVERSITY OF TEXAS
RIO GRANDE VALLEY,

> Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CV-197

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

PER CURIAM:*

Leila Hernandez, a tenured professor at University of Texas-Pan American ("UTPA"), lost her position after UTPA was abolished and replaced by University of Texas Rio Grande Valley ("UTRGV") pursuant to Senate Bill 24. Hernandez sued both Universities and other individuals for sex and national origin discrimination in 2015, and filed a charge with the EEOC. This

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court eventually affirmed the dismissal of that suit for failure to state a claim in January 2018. *Hernandez v. Bailey*, 716 F. App'x 298 (5th Cir. 2018).

Hernandez initiated a new lawsuit in state court against UTPA and UTRGV in May 2017, which was removed to federal court. Defendants then moved to dismiss for failure to state a claim. The district court again granted relief to defendants and issued a Final Judgment dismissing the suit with prejudice on August 17, 2017. Hernandez's notice of appeal was untimely filed on September 19, 2017.

Hernandez tried to overcome her tardiness by filing a motion for leave to file the notice of appeal out of time on September 21. But the district court denied the motion on September 29, noting that her excuses were unpersuasive and contradictory. A motion to reconsider this decision was also denied on December 11, 2017. Hernandez timely filed notices of appeal to these rulings on October 27 and January 10, 2018, respectively.

The 30-day deadline to file a notice of appeal, set by both Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107, is a mandatory and jurisdictional requirement. *Sudduth v. Tex. HHS Comm'n*, 830 F.3d 175, 177 (5th Cir. 2016). Accordingly, our focus is whether the district court erred in refusing to grant an extension of time to this deadline under Federal Rule of Appellate Procedure 4(a)(5) and denying the defendant's motion to reconsider this decision.

The court's denial of relief under Rule 4(a)(5) is reviewed for abuse of discretion. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993). The Rule permits a district court to extend a party's deadline to file a notice of appeal when "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). This Court has applied the excusable neglect standard enunciated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) when interpreting

this Rule. *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998). Accordingly, a determination of "excusable neglect" is an equitable conclusion that depends on context-specific factors such as (1) "the danger of prejudice" of a grant to the non-moving party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) the justification for the delay, "including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.* at 468 (quoting *Pioneer*, 507 U.S. at 395).

Here, the delay was minimal and prejudice slight: the notice of appeal was filed only one day late on September 19, and the motion for leave to extend the deadline was filed only a few days after that. But the motion's proffered justifications were weak. Notably, the defendant was represented by multiple lawyers, yet the filing only discussed the obstacles of a single attorney, who was not the designated attorney-in-charge. The explanations for the attorney's delay were not particularly strong: he asserted that his firm had a busy trial practice, his wife had surgery on the day of the deadline, his legal assistant had not calendared the deadline, and he had to take a day off from work due to Hurricane Harvey. We cannot conclude that the district court abused its discretion in ruling that this was an inadequate justification for the collective failure of all of Hernandez's attorneys to file notice within the 30-day deadline. *Cf. Id.* at 470 (noting that when the applicable rule is clear, the district court's conclusion that neglect was inexcusable is "virtually unassailable").

Hernandez relies primarily on an unpublished, per curiam opinion to demonstrate the district court abused its discretion, *Sparks v. L.M. Berry & Co.*, No. 98-60627, 1999 WL 499519 (5th Cir. June 8, 1999). Her reliance is misplaced. For one, the district court *granted* a motion to extend the deadline in *Sparks*. Here, by contrast, we decide whether the district court's *denial* of an extension was an abuse of discretion. Moreover, the underlying facts are different—involving the inadvertent miscalculation of a single attorney with a

busy practice and a sick child. *See id.* at *3. In short, *Sparks* does not impact our analysis.

Hernandez's motion to reconsider fares no better. Whether styled as a Rule 59(e) or Rule 60(b) motion,[1] we again review the court's denial for abuse of discretion, *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993), and find none.

Hernandez's motion challenged the district court's opinion by providing affidavits from two other attorneys who worked on the case. Their submissions (which clearly could have been provided with the previous motion) merely stated they were not specifically responsible for recording the deadlines in this case, affirmed the veracity of the first attorney's statements, and noted three unrelated cases that had been impacted by Hurricane Harvey.

Such assertions fail to justify relief under Rule 59(e), which is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Nor do they satisfy any of the enumerated bases for Rule 60(b) applicable here. Specifically, they fail under Rule 60(b)(1), which includes "excusable neglect" as defined by *Pioneer*, 507 U.S. at 392–95, and the catch-all provision in Rule 60(b)(6), *see Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (noting that relief Rule 60(b)(6) requires a showing of "extraordinary circumstances" (internal quotation omitted)). At the very least, it was certainly not an abuse of discretion for the district court to so conclude.

AFFIRMED.

---

[1] The district court analyzed the motion under both, and Hernandez has named her motion as both a Rule 59 and Rule 60 motion on appeal.