## DAMAGES ON ACCOUNT OF THE BUILDING OF AN INTERURBAN RAILWAY IN FRONT OF PROPERTY.

Court of Appeals for Richland County.

THE PLYMOUTH & SHELBY TRACTION COMPANY V. JOHN H. HART.

Decided, January Term, 1913.

*Abutter—Procedure for Recovery of Damages for the Building of an Interurban Road in Front of Property—Rights of an Abutter in a Street or Road Upon which He has Encroached—Statute of Limitations with Reference to Such Encroachment as Applied to a Railway Company—Charge of Court—Section 8765, General Code.*

1. An abutting owner, who has been damaged by the construction of a railway track in front of his property, may proceed in any proper court for the recovery of such sum from the company as will compensate him for the damages so sustained in so far as his loss can be made good by a money consideration.

2. While the statute of limitations does not run against the state as to encroachment upon one of its roads, it does run against a railway company which seeks, in order to make room for its track, to widen the road to the width at which it was originally laid out, and where the improvements of an abutting owner are removed in so widening the road and laying its track, he may recover compensation therefor.

3. In instructing a jury on the vital issues of a case about to be submitted to them for determination, it is not prejudicial error to so group or summarize the issues that the jury may intelligently understand them.

*Culp & Hines,* for plaintiff in error.
*Skiles, Green & Skiles,* contra.

SHIELDS, J.; VOORHEES, J., and MARRIOTT, J., concur.

This action was commenced in the court of common pleas of this county by John H. Hart, defendant in error, to recover damages against the Plymouth & Shelby Traction Company, plaintiff in error, for injuries to the property of the defendant in error growing out of the location and construction of a street railroad by said company in the incorporated village of Plymouth in said county.

In his amended petition the plaintiff, in substance, avers that he is the owner of out-lot number twenty-four in said village fronting on what is known as the Plymouth and Shelby road in said village; that the defendant owns and operates a line of electric railway extending from the said village of Plymouth to the village of Shelby in Richland county, Ohio; that prior to the construction of said electric railway, plaintiff's said out-lot was on a common grade with said road fronting said out-lot; that in the construction of its said railway, the defendant wrongfully and without authority located its tracks and road-bed on the west side of said road and immediately adjacent to the plaintiff's said land, and wrongfully and unlawfully constructed a grade from four to twelve feet high along the east line of a pasture field north of the south line of plaintiff's said land, thereby rendering it impossible for the plaintiff to enter upon his said land from the said Plymouth and Shelby road; that the defendant wrongfully destroyed the wire fence along said field and along the frontage of the plaintiff's property, and that along and in front of the orchard on the plaintiff's said land the defendant cut a hole some six feet in depth and for a distance of about fifty feet and thereby destroyed several valuable fruit trees of the plaintiff; that the defendant wrongfully entered upon the land of the plaintiff and unlawfully took therefrom a large quantity of ground and appropriated it to its own use, and wrongfully destroyed the fence in front of the plaintiff's garden and constructed a bank about two feet high in front of said garden, thereby throwing the water off of defendant's right-of-way onto said garden; that immediately in front of the plaintiff's house, situate on said out-lot, the defendant constructed a grade some two feet above the established grade of the public street, thereby throwing the water from the road-bed onto the plaintiff's lot and into the plaintiff's cellar, thereby preventing plaintiff from having a convenient means of ingress and egress to and from his property; that directly north of the plaintiff's house and in front of a pasture field having a frontage of two hundred feet, to a certain creek, the defendant wrongfully and without authority tore down plaintiff's fence for a

distance of some seventy-five feet north of the plaintiff's house to said creek, and constructed a bank upon which its tracks were laid about nine feet high, said bank causing the water from said creek to back up and flow over the lands of the plaintiff, rendering the same untillable; that over said creek the defendant constructed a bridge and wrongfully extended the abutments on the south side thereof onto the plaintiff's land some ten feet, and extended the abutments on the north side thereof onto the plaintiff's land some six feet, and extended all of the right-of-way of the defendant along said frontage over and onto the plaintiff's land some five feet, which said five feet of plaintiff's said land in the construction and laying of its tracks and road-bed the defendant wrongfully appropriated.

By reason of the construction of said grade, the destruction of the plaintiff's fence and fruit trees, the appropriation of the plaintiff's ground, the diversion and obstruction of said watercourse, the obstruction of the plaintiff's means of ingress and egress to and from his said premises, the appropriation of plaintiff's land in the construction of said bridge and the use of said plaintiff's land for the defendant's road-bed, as aforesaid, the plaintiff prays judgment against the defendant for twenty-five hundred dollars.

In its answer to the foregoing amended petition of the plaintiff, the defendant admits its corporate character, and that it is operating an electric railway as alleged in said amended petition; it admits that the land in dispute abuts upon the road leading from Plymouth to Shelby, that said lands are within the incorporated village of Plymouth, and that it has constructed its railway along the west side of said Plymouth and Shelby road, but it denies each and every other allegation therein.

For its further answer and cross-petition the defendant says that prior to the time of its constructing and building said railroad or operating its said cars, it obtained from the council of the village of Plymouth, Richland and Huron counties, Ohio, a franchise to locate and construct its electric railway upon and along the street of said village described in said petition, and being the street abutting upon plaintiff's east line of said

premises described in plaintiff's petition; that said railroad was constructed and is being operated under and by virtue of the right granted to this defendant company by said franchise so passed and granted to this company by the council of Plymouth, Richland and Huron counties, Ohio, and that the plaintiff herein signed a written application, consent and request to the council of the village of Plymouth to grant to said defendant company the right and privilege to construct, build and maintain said electric railway, as the same is now constructed and operated on the street abutting on plaintiff's premises, and by reason of the facts herein alleged, the defendant asks that plaintiff's petition may be dismissed.

To the defendant's answer the plaintiff filed a reply in which it denies each and every affirmative allegation contained in said answer.

Under the issues made by these pleadings the cause was submitted to a jury resulting in a verdict for the plaintiff. A motion for a new trial was overruled and judgment entered on the verdict. A bill of exceptions was taken embodying the evidence introduced upon the trial, including the charge of the court, and said cause is now in this court upon a petition in error for review. Numerous grounds of alleged error are assigned in said petition in error for the reversal of the judgment of the court of common pleas, but the plaintiff in error urged upon this court and relied principally upon the following grounds of alleged error, namely:

First, that the court below erred in overruling the motion of the defendant below to require the plaintiff below to separately state and number the causes of action in his petition.

Second, that the court below erred in admitting any evidence upon the trial of said cause under the amended petition of the plaintiff.

Third, that the court erred in its charge to the jury.

As to the action of the court below in overruling said motion of the defendant in error to said amended petition, we are of the opinion that said court did not err, there being but one cause of action stated in said amended petition.

Exception is taken to the action of the court below in overruling the objection of the plaintiff in error to the introduction of any evidence upon the part of the defendant in error in support of the averments in his amended petition, the claim being made that if the defendant in error has a cause of action upon which he is entitled to recover damages for any of the injuries complained of, his remedy was under the provisions of Section 6448, Revised Statutes, and not under the provisions of Section 3283, Revised Statutes.

As we view it, Section 3283 was enacted by the Legislature in the interest of abutting property owners for their protection. It contemplates that when a railroad company injures an abutting property owner in his private property rights, by the location and construction of its track or tracks upon the street upon which such property abuts, such company shall respond in damages for such injuries and in such sum as will compensate him for the damages suffered, in so far as his loss can be repaired by a money consideration in restoring to him what he has lost through the location and construction of such railroad.

This statute provides that—

"Every company which lays a track upon any such street * * * shall be responsible for injuries done thereby to private or public property lying upon or near to such ground."

We think the language here used is capable of but one construction and must be taken to mean what it plainly says, namely, that the railroad company shall be held responsible for all injuries of every description done to the abutting property owner in the location and construction of its track and road. We do not think that the injured abutter is required to go into the probate court and institute proceedings in that court as provided in Section 6448, Revised Statutes, for the recovery of damages for injuries so done to private property and property rights as are set out in the amended petition, but that a remedy is provided for the redress of such alleged wrong in said Section 3283, Revised Statutes. Hence we are of the opinion that the objection of the plaintiff in error at the outset of the trial of this case to the admission of evidence under

said amended petition was properly overruled by the court and that such action of said court affords no ground of error. 45 O. S., 309-318; 12 Ohio Law Bull., 214.

It appears that a franchise was granted to this street railway company by the council of the village of Plymouth to locate its track upon the east side of what is known as the Plymouth and Shelby road, now a street within the corporate limits of said village, fronting the premises of the defendant in error, and that the council of said village by resolution afterward authorized said company to locate its road on the west side of said street. That said street in front of and along said premises was laid out and originally intended as a public highway to be sixty feet wide and that the plaintiff in error in laying its said track upon the west side of said street found it necessary to widen the same to the full width of sixty feet, the standard width of a state road (said street being then about forty or forty-five feet wide), and in so doing the defendant in error claims that said company removed and destroyed the fence in front of his said premises, and also removed and destroyed several valuable trees growing in his orchard, included in the strip of land enclosed by said fence and which has been so enclosed and occupied by the defendant in error for a period of twenty-five years or more. That said company also erected an embankment along the full length of the premises of the defendant in error, thus raising the grade of said street without authority and in violation of the terms of the franchise granted to said railroad company by said village council, thus destroying the easement to certain portions of the property of the defendant in error, and especially interfering with his right of ingress and egress to and from his property, and by unlawfully turning the surface water onto his premises and into his cellar and otherwise interfering with his private property rights. It appears that said company acted upon the assumption that it had the legal right to appropriate to its use the property occupied and enjoyed by the defendant in error, for the time stated, described as a part of his orchard and the trees growing thereon, in widening said street to what is claimed

to be sixty feet to accommodate the location of its road-bed and track. Whatever the width of said street, if it was less in width than what it was originally laid out and designed to be as a state road by the authorities, and whatever the length of time the defendant in error may have occupied it with his fence and orchard by encroaching upon any part of such sixty feet while a state road, the state through its properly constituted authorities might have asserted its right to such part of said road occupied by said fence and orchard, as aforesaid, if it had seen fit to do so, because the statute of limitations would not run against the state, but the state could not delegate this attribute of sovereignty to said village which, after its incorporation as such, succeeded by operation of law to the exercise of jurisdiction over so much of said road as was included within the corporate limits of such village and against which the statute of limitations would run. 56 O. S., 175-179-180; 49 O. S., 98.

And if said company in so widening said street or road removed and destroyed said fence and growing trees in the orchard west of it belonging to the defendant in error, it is liable in damages for such removal and destruction. In other words, the act of said village in causing said street or road to be widened to what is claimed to be the standard width would be lawful, while the act of said company in so widening said street would be wrongful, entailing upon it the consequences of such wrongful act. Hence, we think it was proper for the court below to submit to the jury, as was done, the various elements of damages claimed to have resulted from the widening of this street or road by said company, by the location and construction of its road-bed and track as aforesaid, and it was the province of the jury to determine the amount of such damages in the light of the evidence tending to show the condition of the property in question before and after the alleged wrongful appropriation by said company, keeping in mind the rule that the abutting property owner should be made whole as to all things in connection with the location and construction of a railroad which tends to depreciate the value of his property. 48 O. S., 637; 45 O. S., 322; 33 O. S., 435.

Objection is also made to the action of the court below in charging the jury in what is claimed to be the "grouping the claims" of the plaintiff.

It is the duty of the court to properly and fully instruct the jury as to the vital issues in a case, and in summarizing such issues that the jury may intelligently understand them we think there is no ground of prejudicial error.

We have examined the record with reference to the other assignments of error set forth in said petition in error, and find no such error therein for which the judgment entered herein should be reversed. The judgment of the court of common pleas will therefore be affirmed, at the costs of the plaintiff in error, but without penalty. Exception noted.