**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARSHELLA A. MCCANTS,
Plaintiff-Appellant,

v.

No. 96-1045

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Charles E. Simons, Jr., Senior District Judge.
(CA-94-425-2-6AJ)

Submitted: March 18, 1997

Decided: May 14, 1997

Before WIDENER and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Susan Jean Firimonte, WUKELA LAW FIRM, Florence, South Caro-
lina, for Appellant. J. Preston Strom, Jr., United States Attorney, John
B. Grimball, Assistant United States Attorney, Arthur J. Fried, Gen-
eral Counsel, Randolph W. Gaines, Acting Principal Deputy General
Counsel, A. George Lowe, Acting Associate General Counsel, Litiga-
tion Division, Deborah Feustle Blair, Office of General Counsel,

SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marshella McCants appeals the district court's order upholding the determination by the Secretary of Health and Human Services (Secretary) that McCants is not eligible for social security disability benefits or supplemental security income. Because substantial evidence supports the Secretary's decision, we affirm.

I

McCants, who has a ninth-grade education and past relevant work experience as a textile machine operator, alleged in her application for benefits that she became disabled due to bronchitis and asthma on May 8, 1992. Her application was denied initially and on reconsideration. An administrative law judge (ALJ) conducted a hearing on McCants' application. McCants was thirty-nine at the time of the hearing, at which both she and a vocational expert testified. After the hearing, the ALJ issued a decision finding that McCants was not disabled and therefore not entitled to benefits.

In reaching this decision, the ALJ applied the sequential five-step analysis found at 20 C.F.R. § 416.920 (1993). The ALJ found that McCants suffered from chronic asthma and asthmatic bronchitis, scoliosis of the thoracic spine, and impaired memory and concentration. At the third step of the analysis, the ALJ determined that none of these impairments, singly or in combination, was severe enough to meet or equal any listed impairment at 20 C.F.R. Pt. 404, Subpt. P,

2

App. 1. The ALJ therefore moved to the fourth step and determined that McCants was unable to perform her past work.

At the fifth step of the sequential analysis, the ALJ had to determine whether there existed any other work that McCants could perform, taking into account her age, education, past work experience, and residual functional capacity. With regard to residual functional capacity, the ALJ concluded that she retained the ability to perform sedentary work that required frequent lifting of no more than five pounds at a time, or ten pounds occasionally. Further, McCants could not perform work that required repetitive bending, stooping, or climbing. Moreover, McCants could not be exposed to dust, fumes, odors, and chemicals, could not follow complicated instructions, and could not sit for prolonged periods unless she could change positions.

The ALJ noted that the medical-vocational guidelines would dictate a finding of not disabled for an individual such as McCants. However, because of McCants' nonexertional impairments, the grids could serve only as a guide, and vocational testimony was necessary. A vocational expert testified that someone fitting McCants' vocational profile was capable of performing certain jobs that existed in significant numbers in South Carolina. The ALJ accordingly found that McCants was not disabled.

The Appeals Council upheld this decision, which became the final decision of the Secretary. The district court found that substantial evidence supported the Secretary's decision and entered summary judgment for the Secretary. McCants now appeals.

We must uphold the Secretary's decision if substantial evidence supports it and the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). We do not re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary. Hays, 907 F.2d at 1456.

II

McCants first argues that her asthmatic condition meets the listing for asthma in the Listing of Impairments, 20 C.F.R. Part 404, Subpt.

P, App. 1, § 3.03(B) (1993). Thus, McCants contends that she should have been found disabled at step three of the sequential analysis. The evidence is to the contrary.

Section 3.03 defines asthma of the requisite severity:

> B. Episodes of severe attacks (See 3.00C), in spite of prescribed treatment, occurring at least once every 2 months or on an average of at least six times a year, and prolonged expiration with wheezing or rhonchi on physical examination between attacks.

Section 3.03C states:

> When a respiratory impairment is episodic in nature, as may occur in complications of bronchiectasis and asthmatic bronchitis, the frequency of severe episodes despite prescribed treatment is the criterion for determining the level of impairment. Documentation for episodic asthma should include the hospital or emergency room records indicating the dates of treatment, clinical findings on presentation, what treatment was given and for what period of time, and the clinical response. Severe attacks of episodic asthma, as listed in section 3.03B, are defined as prolonged episodes lasting at least several hours, requiring intensive treatment such as intravenous drug administration or inhalation therapy in a hospital or emergency room.

The criterion for determining the level of McCants' asthmatic bronchitis therefore is the frequency of severe attacks occurring "in spite of prescribed treatment."

Medical records admitted into evidence do not reveal the frequency or severity required by the regulations. We note additionally that diagnostic tests revealed that McCants' theophylline level was often below therapeutic range when she had asthmatic attacks. Such results comport with physicians' reports that McCants had a history of noncompliance with her drug regimen to control asthma. McCants did not meet her burden of establishing that her asthmatic condition met or

4

equalled a listed impairment so as to disqualify her at step three of the sequential process.

## III

McCants also asserts that the Secretary did not give proper weight to her complaints of pain. Once medical evidence is produced supporting the existence of a condition that could reasonably produce pain, the Secretary must assess the effect of pain on the claimant's residual functional capacity. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). Evidence of a claimant's activities as affected by the pain is relevant to the severity of the impairment. Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996).

McCants complained of chest pain, but clinical examinations and chest x-rays revealed no active cardiopulmonary disease, and she never was in acute distress from this pain. She testified that her headaches occur infrequently and are somewhat relieved with Tylenol. While she has dextroscoliosis of the spine, there is no significant limitation of range of motion with muscle spasm, significant weakness, or sensory deficit. She requires no assistance in walking. No prescription painkillers were prescribed for her back pain; instead, McCants was instructed to lose weight, take Motrin, use a heating pad, and rest in bed for two days.

McCants lives alone and cleans her three rooms and a bath. She sweeps and vacuums once a month and attends church often. Given the objective medical evidence and McCants' relatively active life, substantial evidence supports the Secretary's finding that her pain was not so severe as to preclude a wide range of sedentary work.

## IV

Finally, McCants contends that the ALJ erred when he found that she was capable of performing bench work assembly jobs. This argument is without merit. Once the ALJ found that McCants could no longer perform her past work, the burden shifted to the Secretary to establish that other work existed in significant numbers that an individual of McCants' age, education, experience, and residual func-

5

tional capacity could perform. <u>Hall v. Harris</u>, 658 F.2d 260, 264 (4th Cir. 1981).

Because McCants has both exertional and nonexertional limitations, the ALJ properly solicited the testimony of a vocational expert (VE) as to whether work existed in significant numbers in the regional economy that an individual with McCants' vocational profile could perform. The VE identified bench assembly work as such a job. Substantial evidence therefore supports the finding that McCants was capable of performing alternative work and was therefore not disabled. <u>See Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989).

V

We accordingly affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

<u>AFFIRMED</u>

6