JUDGMENT
DWIGHT W. BIRDWELL, Chief Justice.
On September 29, 1998, Special Master Julian Fite entered an Order on Settlement by Special Master. This document was based upon the terms and provisions of a settlement agreement previously agreed to by Appellants and Appellee. The findings and recommendations of the Special Master contained therein are accepted and adopted in full by the Court.
Part of those findings are that the parties agree, according to their settlement agreement, as to the final amounts due and owing to eight of the nine Appellants, and that as to Appellant Redcorn, the parties intended the final payment to be made to him in the amount o£ $17,000.00.
Accordingly, in addition to sums already received by the Appellants, JUDGMENT FOR THE ADDITIONAL SUMS SET FORTH BELOW IS HEREBY GRANTED AND AWARDED TO THE RESPECTIVE APPELLANTS AS FOLLOWS:
WILLIAM PATRICK RAGSDALE $23,391.09
SHARON WRIGHT $31,869.95
BRIAN BLAIR $17,325.00
GREG CHUCKLUCK $ 8,171.35
MIKE DAWES $19,608.80
STACEY EUBANKS $ 8,000.00
FRANKY DREADFULWATER $21,994.00
JIM REDCORN $17,000.00
LEONARD McMILLIAN $12,432.83
Special Master Fite finds and recommends that under the terms of the settlement agreement, the above-stated amounts are due and payable immediately. The Court notes the following finding by Special Master Fite:
“Both parties acknowledge that the funds necessary to deal with the subject matter of this case were specially appropriated by the Cherokee Nation Council, in August, 1998”
ACCORDINGLY, IT IS ORDERED THAT THE AMOUNTS DUE THE RESPECTIVE APPELLANTS ARE DUE AND PAYABLE IMMEDIATELY AND JUDGMENT IS ENTERED ACCORDINGLY, FOR IMMEDIATE PAYMENT.
Appellants contended that they should be granted “COBRA” rights for extended health insurance and that Appellant Wright should be covered by insurance or otherwise reimbursed for her out-of-pocket medical expenses incurred following a motorcycle accident that occurred during the pendency of the case. Appellee contended that insurance coverage, though discussed, was not a part of the settlement agreement. The Court herein will collectively refer to these matters as “medical”.
Special Master found that “benefits” as addressed in the settlement agreement were confined to annual leave and retirement and, therefore, “medical” was not within the terms of the settlement agreement, and was, therefore, not an item to be paid.
ACCORDINGLY, AS TO THE ISSUE OF “MEDICAL” JUDGMENT IS GRANTED TO APPELLEE. However, the Court specially notes the following statement in the Special Master’s Order:
“The situation of Sharon Wright, injured while under an order of reinstatement of this Court, should merit further compassionate consideration by Appellee,”
The Court joins with the Special Master in urging compassion by the Appellee as to out-of-pocket medical expenses incurred by Appellant Wright.
The judgments of the Judicial Appeals Tribunal (Supreme Court) of the Cherokee Nation are afforded full faith and credit in and by the District Courts of the State of *23 Oklahoma. JAT Order No. AD-95-01: JAT Rule 45: 12 Okl. St. Ann. Section 728: 12 Okl. St. Ann. Ch. 2 App. 1 Rule 30.
IT IS SO ORDERED.