Judgment rendered July 17, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,400-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KENNETH L. HARPER                    Plaintiff-Appellant

versus

LAUREN T. HARPER                     Defendant-Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2017-3884

Honorable Daniel J. Ellender, Judge

* * * * *

KENNETH L. HARPER                    In Proper Person

LAW OFFICE OF RONALD                 Counsel for Appellee
K. COOK
By:  Ronald K. Cook

* * * * *

Before PITMAN, STEPHENS, and THOMPSON, JJ.

STEPHENS, J., concurs with written reasons.

**PITMAN, C. J.**

Plaintiff Kenneth Harper appeals the dismissal of his case against his former wife, Defendant Lauren T. Harper, for custody of frozen embryos located in Texas. The Louisiana trial court found it lacked subject matter jurisdiction to determine custody of the embryos because of their location in Texas. For the following reasons, we reverse the judgment of the trial court and remand.

### FACTS

Plaintiff and Defendant married in Mexico in December 2010 and lived in Ouachita Parish. During their marriage, the parties created embryos at a Dallas fertility clinic. Two children were born of the marriage by surrogates. Two of the embryos are held in cryogenesis at the fertility clinic.

Plaintiff filed for divorce in November 2017 and sought sole custody of the children already born of the marriage. Defendant filed an answer and, in addition to seeking custody of the two living children, sought custody of the two viable embryos.

The parties allegedly lived under a separate property agreement executed in August 2011. A judgment of divorce was rendered on January 15, 2019. Temporary custody of the children was granted to Plaintiff.

On November 21, 2021, Plaintiff filed a rule for child support and custody of the two embryos. He alleged that the embryos were currently under Defendant's direction and that she was likely to sell, donate, alienate or otherwise dispose of the embryos during the pendency of the proceeding. He requested a preliminary and permanent injunction against any such alienation of the embryos. Defendant responded and stated that the parties

had agreed in 2015 that in the event of a divorce, the frozen embryos would be placed at her disposal, and that since then, she has been providing the financial support necessary for the preservation of the embryos.

A hearing officer issued a conference report making recommendations for custody of the children born of the marriage. The February 2022 report stated that neither party could alienate or dispose of the embryos and that another hearing would be set for April 4, 2022, which would concern only the custody of the embryos.

The hearing officer conference report from April 4, 2022, states that the officer found as fact:

> According to Mother, the parties signed a contract with Dallas Fertility Clinic that established ownership of the embryos and includes what happens to them in the event of the parties' divorce. A copy of the document titled, Consent Form Cryopreservation of Embryos, was provided to the H.O.[1] It appears to have been signed by both parties, and clearly states that in the event of divorce, the frozen embryos are to be placed at the disposal of the wife, subject to a 5-year storage period. It is dated 9/1/15. The storage period has been renewed and is still valid.

The hearing officer made the following recommendations regarding custody of the embryos:

> LRS 9:121 et seq provides the law governing fertilized human embryos in Louisiana. 9:123 establishes the legal capacity of a human embryo as that of a juridical person. As such, Louisiana must have jurisdiction over the embryos in question. In this case, the embryos are located in a clinic in Texas. They are not in Louisiana.
>
> LCCP Art. 10(5) sets forth jurisdiction over status: a proceeding to obtain the legal custody of a minor if he is domiciled in, or in in (*sic*), this state.
>
> While it appears that Louisiana could possibly have jurisdiction, if the UCCJEA were applied, the case of <u>Loeb v. Vergara</u>, La. App. 4 Cir. 2021, 313 So. 3d 346, 2020-0261 La.

---

[1] A copy of this document was not included in the record.

App. 4 Cir. 1/27/21, writ denied 313 So.3d 1257, 2021-00314 (La. 4/20/21), makes clear that the UCCJEA does not apply to embryos.

Plaintiff filed a written objection to the hearing officer's conference report and the finding that Louisiana lacked subject matter jurisdiction. He requested a hearing on all the matters to which he had objected. Pending the hearing, the district court issued a temporary order adopting and implementing the hearing officer's recommendations. At the hearing in December 2022, the trial court ruled that Louisiana lacked subject matter jurisdiction to make a ruling with regard to custody of the embryos and that the proper place of jurisdiction for making custody challenges is the State of Texas.

Plaintiff appeals the judgment of the trial court regarding subject matter jurisdiction over custody of the frozen embryos.

**DISCUSSION**

Plaintiff argues that the broad grant of jurisdiction to the district courts in the Louisiana Constitution grants jurisdiction as to all civil matters. Plaintiff contends that the Louisiana court has subject matter jurisdiction over the matter of custody of the embryos because the issue is ancillary to divorce rendered in this state, and presence of the embryos in this state is not necessary. Plaintiff also argues that the trial court erred in citing La. R.S. 9:121 defining embryos as juridical persons and then finding that Louisiana must have subject matter jurisdiction over the embryos before the issue of their custody could be heard. Plaintiff contends that even if the embryos are considered juridical persons, the issue of their custody can be determined as one ancillary to the divorce in the parish where the divorce of

3

their parents, custody of the live children and property matters were adjudicated.

Defendant did not file a brief in opposition to Plaintiff's appeal; however, the record contains a "Memorandum With Regard to Embryos" that addressed subject matter jurisdiction. Defendant argues that Louisiana does not have personal jurisdiction over the embryos in Texas. Defendant also states that Texas law regarding embryos uses a contract law approach in determining the ownership of embryos, and it is mandated by Texas law that couples who decide to freeze embryos sign a contract outlining ownership of them in the event of a divorce. For this reason, Defendant asserts that Texas law is controlling because the moving party wants to challenge the contract; therefore, Texas law would apply, and jurisdiction is in Texas.

*Subject Matter Jurisdiction*

Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute or the value of the right asserted. La. C.C.P. art. 2.

In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation or support of a minor child; support for a spouse; injunctive relief; use and occupancy of the family home or use of community movables or immovables; or use of personal property. La. C.C. art. 105.

Except as otherwise provided in "The title on marital property," the rights and obligations of spouses with regard to movables, **wherever situated**, acquired by either spouse during marriage, are governed by the law

4

of the domicile of the acquiring spouse at the time of acquisition. La. C.C. art. 3523.

There are two kinds of persons – natural persons and juridical persons. La. C.C. art. 24. A natural person is a human being. *Id.* A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. *Id.* The personality of a juridical person is distinct from that of its members. *Id.*

An in vitro fertilized human ovum exists as a juridical person until such time as it is implanted in the womb, or at any other time when rights attach to an unborn child in accordance with law. La. R.S. 9:123. As a juridical person, the in vitro fertilized human ovum shall be given an identification by the medical facility for use within the medical facility which entitles such ovum to sue or be sued. La. R.S. 9:124. The confidentiality of the in vitro fertilization patient shall be maintained. *Id.* An in vitro fertilized human ovum as a juridical person is recognized as a separate entity apart from the medical facility or clinic where it is housed or stored. La. R.S. 9:125.

An in vitro fertilized human ovum is a biological human being, which is not the property of the physician which acts as an agent of fertilization or the facility which employs him or the donors of the sperm and ovum. La. R.S. 9:126. If the in vitro fertilization patients express their identity, then their rights as parents as provided under the Louisiana Civil Code will be preserved. *Id.*

Whether a district court has subject matter jurisdiction over a case is subject to *de novo* review. *Larkin Dev. N., L.L.C. v. City of Shreveport*,

53,374 (La. App. 2 Cir. 3/4/20), 297 So. 3d 980, *writ denied*, 20-01026 (La. 12/22/20), 307 So. 3d 1039.

Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. at 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Id.*

Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. *Pierce Foundations, Inc. v. Jaroy Const., Inc.*, 15-0785 (La. 5/3/16), 190 So. 3d 298. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. *Id.*, *citing* La. R.S. 1:4. The starting point for interpretation of any statute is the language of the statute itself. *Id.*

All laws pertaining to the same subject matter must be interpreted in pari materia, or in reference to each other. *Pierce Foundations, Inc.*, *supra*, *citing* La. C.C. art. 13. When, on the other hand, a statute is unclear and ambiguous, or its application leads to absurd consequences, we rely on secondary rules of statutory interpretation to discern the meaning of the statute at issue. *Pierce Foundations, Inc.*, *supra*. In such cases, the statute must be interpreted as having the meaning that best conforms to the purpose of the law. *Id.* Moreover, when the words of a law are ambiguous, their

6

meaning must be sought by examining the context in which they occur and the text of the law as a whole. *Id*.

Our review of the aims and goals of the Human Embryo Statutes leaves us in a position of ambiguity with regard to the issue before this court, i.e. subject matter jurisdiction of a Louisiana court when the embryos are the only "persons" connected to the state of Texas. The statute that contains the most useful information regarding legislative intent is La. R.S. 9:126. It provides that the in vitro fertilized human ovum is a biological human being that is not the property of any facility, doctor "or the donors of the sperm and ovum." This creates a problem with interpretation because it appears no one is the owner of the embryos. However, directly following that statement in the statute is the statement that "If the in vitro fertilization patients express their identity, then their rights as parents as provided under the Louisiana Civil Code will be preserved."

In the case at bar, both patients, Plaintiff and Defendant herein, have expressed their identities; therefore, their rights as parents under the Louisiana Civil Code will be preserved. La. C.C. art. 105 creates jurisdiction in Louisiana courts where either party to a marriage may request a determination of custody, visitation or support of a minor child; injunctive relief; use of community movables or immovables; or use of personal property. In other words, this article creates jurisdiction to request a determination of any rights related to parenthood.

Even though the embryos are defined not as property, but as juridical persons, there still must be some mechanism by which custody or ownership of them can be decided by their parents, who have identified themselves to

7

the facility. The law provides that their rights as parents are preserved under Louisiana law.

Under the facts of this case, Texas has no interest. The embryos are not being sued; their location is unimportant to this inquiry. The facility where they are located is not being sued. The fact that the parties agreed to sign a contract with the facility to preserve the embryos at that location and which allegedly dictates ownership of the embryos is not relevant to the issue of whether Louisiana has subject matter jurisdiction.

In this case, the parties were married, lived in Louisiana and created several embryos during the time of their marriage. The parties were already subject to the jurisdiction of the Louisiana court when they were granted a divorce and had custody of the minor children and their property issues adjudicated. The parties have a connection with the State of Louisiana, and the court in Ouachita Parish has subject matter jurisdiction over the ownership of the embryos located in Texas.

Accordingly, the assignment of error has merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court sustaining the exception of lack of subject matter jurisdiction in favor of Defendant Lauren T. Harper and against Plaintiff Kenneth L. Harper is hereby reversed, and the matter is remanded for further proceedings on the merits. Costs of this appeal are assessed to Defendant Lauren T. Harper.

**REVERSED AND REMANDED.**

**STEPHENS, J., concurs.**

I concur in the result. The Louisiana court has jurisdiction to consider this matter. However, choice of law principles mandate that Texas law be applied to the determination of the parties' rights vis-à-vis their embryos.

1