**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2286
_____

BRIAN LOPEZ,
                                        Appellant
v.

BRIAN ANDREWS; TOWNSHIP OF CRANFORD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:23-cv-01131)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 8, 2024
_____

Before:  CHAGARES, <u>Chief</u> Judge, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>.


(Opinion filed: August 13, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief</u> Judge.

Brian Lopez is a self-described "frequent critic" of current Cranford Mayor Brian Andrews on social media.  Appendix ("App.") 10 ¶ 11.  Lopez alleges that Andrews texted a Cranford police officer to check on Lopez after Andrews received concerning critical messages from Lopez on social media.  The police officer allegedly told Andrews that he did not have any meaningful relationship with Lopez.  But the police officer was then denied a promotion.  Lopez claims this occurred because Andrews believed that the police officer associated with Lopez.  So, Lopez — not the police officer — brought a civil rights lawsuit against Andrews and the Township of Cranford for violation of his constitutional rights.  Lopez argues that Andrews sought to "play[] the role of Komisar" and "create social gulags for [his] critics," including Lopez, who he sought to banish to "social Siberia" by punishing third parties "if his diktats designed to punish [Lopez] were not followed."  Reply Br. 1-2.  The District Court disagreed and granted Andrews's and the Township's (collectively, "the defendants") motion to dismiss for lack of standing.  Lopez appealed.  For the reasons that follow, we will affirm the District Court's order.

I.[1]

Brian Lopez is a retired Cranford Police Department officer and a lifelong Cranford, New Jersey resident.  He is a self-described "long-time critic of what he

---

[1] Because we write for the parties, we recite only facts pertinent to our decision.

believes are questionable government practices" and a "frequent critic" of Cranford Mayor Brian Andrews on social media.[2] App. 10 ¶¶ 10-11.

Lopez alleges that Andrews sought to silence his criticism. He alleges that Andrews told the heads of the Cranford Police Benevolent Association that they should disassociate from Lopez at least twice. Lopez also alleges that Andrews texted Cranford Police Sergeant Timothy O'Brien in December 2022, writing:

> Hey Tim-I've been getting a lot of weird messages from your friend Brian Lopez. You may want to check in on him—I know this time of year can be tough on some people. People know you are close to him, so it is unfortunate this kind of thing reflects on you as well.

App. 10-11 ¶ 16. Andrews also purportedly attached copies of Lopez's social media messages to the text. But O'Brien responded that he never associated with Lopez outside of work and that he had no connection to Lopez's social media messages. Andrews then allegedly texted O'Brien again:

> I am sorry to say I've had several people tell me you're friends and he's been to your home. I've found you to be a stand up guy and seen you are a true professional, on CPD and with your business. But, this is too far for me. If his friends don't intervene, it's on you too.

App. 11 ¶ 19. O'Brien again denied any association with Lopez.

O'Brien was then denied a promotion. Lopez alleges this denial was retaliation for O'Brien purportedly associating with him. He also alleges that the "[d]efendants' actions therefore smeared . . . [him] in his reputation in the community such that people

---

[2] The defendants note that Andrews was a member of the Township Committee of the Township of Cranford at the time of the events alleged in the complaint, not the mayor. But we will refer to Andrews, who is now mayor of the Township of Cranford, as the mayor because that is how Lopez pled the factual allegations in the operative complaint.

will not associate with . . . [him] out of fear for being retaliated against by [the defendants]." App. 13 ¶ 4.

Lopez timely filed his complaint in the District Court, bringing claims pursuant to 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments, 28 U.S.C. § 2201, and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2. The defendants moved to dismiss for lack of standing and failure to state a claim for which relief can be granted. The District Court granted the defendants' motion, holding that Lopez lacked standing, and declined to address the merits. Lopez timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the grant of a motion to dismiss," including those granted for a lack of standing. Ellison v. Am. Bd. of Orthopaedic Surgery, 11 F.4th 200, 204 n.2 (3d Cir. 2021). We "consider whether the complaint 'contain[s] sufficient factual matter that would establish standing if accepted as true.'" Potter v. Cozen & O'Connor, 46 F.4th 148, 153 (3d Cir. 2022) (quoting In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017) (alteration in original)).

## III.

To establish Article III standing, Lopez must show: (1) he suffered a concrete, particularized, and actual or imminent injury, (2) that was likely caused by the defendants, and (3) would likely be redressable by a favorable judicial decision. See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021) (citing Lujan v. Defs. of

4

<u>Wildlife</u>, 504 U.S. 555, 560-61 (1992)).  Lopez must clearly plead facts that show standing in his complaint — not his briefs.  <u>See</u> <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 338 (2016) ("Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." (alterations and quotation marks omitted)); <u>Potter</u>, 46 F.4th at 153.  A plaintiff asserting a constitutional claim "is alleging a constitutional harm.  Thus, we say a plaintiff has standing to bring a First Amendment claim when he suffers injury to his legally protected First Amendment interest—*e.g.*, when the state forces him to speak . . . or associate."  <u>Associated Builders & Contractors of W. Pa. v. Cmty. Coll. of Allegheny Cnty.</u>, 81 F.4th 279, 288 (3d Cir. 2023) (citations omitted).

It is axiomatic that a plaintiff must have or will imminently suffer a particularized injury, meaning the injury "must affect the plaintiff in a personal and individual way." <u>Spokeo</u>, 578 U.S. at 339 (quoting <u>Lujan</u>, 504 U.S. at 560 n.1); <u>see</u> <u>also</u> <u>Powers v. Ohio</u>, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim of relief on the legal rights or interests of third parties."); <u>Moose Lodge No. 107 v. Irvis</u>, 407 U.S. 163, 166 (1972) ("Appellee has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others.").[3]

---

[3] The Supreme Court has recognized limited exceptions to this general rule and provided guidance for when standing exists for harm done to third parties.  <u>See</u> <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 129-30 (2004).  But Lopez waived any third-party standing argument, arguing only that the defendants' actions impair his First Amendment rights.  So we will not address this argument.

Lopez argues that Andrews's "actual and/or implicit threats against third parties if they further associate with . . . Lopez" — evidenced by O'Brien's denial of a promotion — constitute a "direct harm in that [Lopez's] ability to associate with third parties was attacked, albeit indirectly, which necessarily affects his personal right of association." Lopez Br. 7. He cites no authority supporting or endorsing this theory of standing.

We agree that Lopez lacks standing because he has not sufficiently alleged facts that show he has suffered an injury that confers standing. The facts Lopez alleged may or may not demonstrate Article III standing for O'Brien, who was allegedly denied a promotion. But they do not demonstrate Article III standing for Lopez. This Court has recognized that reputational harm is a legally cognizable injury. See Nat'l Collegiate Athletic Ass'n v. Governor of N.J., 730 F.3d 208, 220 (3d Cir. 2013) (collecting cases), abrogated on other grounds by Murphy v. Nat'l Collegiate Athletic Ass'n, 138 S. Ct. 1461 (2018); see also TransUnion, 141 S. Ct. at 2204. But Lopez has not pled sufficient facts in his complaint to "clearly" and sufficiently show reputational harm. Spokeo, 578 U.S. at 338; see also Thole v. U.S. Bank N.A., 140 S. Ct. 1615, 1621 (2020) (holding that plaintiffs must "plausibly and clearly allege a concrete injury."); Warth v. Seldin, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is the proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); In re Horizon Healthcare, 846 F.3d at 633 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

6

Showing standing at the motion to dismiss stage is not onerous.  The Supreme Court has explained that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant[s'] conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim."  Lujan, 504 U.S. at 561 (citation and quotation marks omitted).  Lopez's problem is that he has not alleged any specific facts that could support standing.  He alleges no facts that show that his reputation was, in fact, harmed.  He includes only one conclusory allegation in his complaint.  Though pleading an injury at the motion to dismiss stage "is not Mount Everest," Lopez still needs to have alleged some specific facts showing reputational injury to him.  In re Horizon Healthcare, 846 F.3d at 633.

Other allegations in Lopez's complaint bely a showing of reputational harm, such as Lopez's allegations that the Police Benevolent Association "would not disavow" Lopez despite Andrews's efforts "to have the PBA disavow" him.  App. 12 ¶ 28.  Lopez seemingly perceived this standing deficiency.  He hedged in his brief that he may have not sufficiently pled any injury in his complaint.  See Lopez Br. 8 ("Although such damages are not particularly plead, certainly a generous reading of the pleading and the prayers for relief seeking compensatory damages as permitted by statute can be gleaned from a generous reading of the Amended Complaint.").  Because he has not clearly alleged specific facts showing damage to his reputation, as he recognized in his brief, we agree with the District Court that he lacks standing.  Cf. Thompson v. Adams, 268 F.3d 609, 613-14 (8th Cir. 2001) (holding that after a spouse publicly criticized the city council and the city fired her husband from his municipal job, she lacked standing to

bring a First Amendment claim). We will therefore affirm the grant of the motion to dismiss. [4]

IV.

For the foregoing reasons, we will affirm the District Court's order granting the motion to dismiss for lack of standing.

---

[4] The District Court dismissed the complaint without prejudice, see Ellison, 11 F.4th at 209, and granted Lopez leave to amend. Lopez then elected to stand on his complaint and appeal anyway. Lopez now perplexingly writes that "[a]t the very least, [he] should be permitted to file a Second Amended Complaint if such specificity of pleading is required for him to cross the standing threshold." Lopez Br. 8. He had that opportunity in the District Court, so we will affirm with no instruction for the District Court to consider granting him leave to amend, again. We express no opinion on whether Lopez may refile his complaint or if he will be barred from doing so.