**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-2781

———————

UNITED STATES OF AMERICA,

v.

ROBERT PHYLLIAN, a/k/a David Robinson,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:01-cr-00748-001)
District Judge: Honorable Nitza I. Quiñones Alejandro

———————

Submitted under Third Circuit L.A.R. 34.1(a)
September 18, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, <u>Circuit Judges</u>

(Opinion filed: September 23, 2025)

———————

OPINION[*]

———————

---

[*]   This disposition is not an opinion of the full Court and under I.O.P. 5.7 is not binding precedent.

AMBRO, Circuit Judge

Robert Phyllian, the defendant-appellant, challenges three standard conditions of his supervised release. He contends that Standard Condition 4 is not supported by the record, Standard Condition 11 is vague, and Standard Condition 13[1] is vague, outdated, and an improper delegation of judicial authority. These arguments fail on plain-error review. We affirm the conditions of Phyllian's supervised release.

**I**

In 2002, Phyllian pled guilty before the U.S. District Court for the Eastern District of Pennsylvania to drug and firearm offenses. He was sentenced to 163 months of imprisonment and 6 years of supervised release. In 2023, after Phyllian admitted he violated the conditions of his release, the District Court sentenced him to time served and 3 years of supervised release. In 2024, he again violated his release conditions, so the Court sentenced him to 8 months of imprisonment and 4 months of supervised release. For each of his release terms, the Court imposed three conditions that Phyllian now contests on appeal:

- "[He] shall support his . . . dependents and meet other family responsibilities" (Standard Condition 4);
- "[He] shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer" (Standard Condition 11); and

---

[1] At the time the District Court first imposed Phyllian's supervised-release conditions, this condition was numbered as Standard Condition 13, so that is how we refer to it in this opinion. Roughly the same condition is now numbered in the Sentencing Guidelines as Standard Condition 12. U.S.S.G. § 5D1.3(c)(12). More on this below.

- "[A]s directed by the probation officer, [he] shall notify third parties of risks that may be occasioned by [his] criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the [sic]" (Standard Condition 13).[2]

App. 3, 24, 28. By 2024, at the time of the second revocation hearing, Phyllian's daughter was 35 years old, and he had no family obligations. The Sentencing Commission had also changed the standard conditions. The new version of Standard Condition 13, now numbered Standard Condition 12, says:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

U.S.S.G. § 5D1.3(c)(12); Amended Judgment in a Criminal Case (Form 245C) at 6, Admin. Office of the U.S. Courts (Sept. 1, 2019), https://www.uscourts.gov/sites/default/files/ao245c.pdf [https://perma.cc/DX3E-58F8].

## II

The District Court had jurisdiction under 18 U.S.C. §§ 3231, 3583(e). We have jurisdiction under 28 U.S.C. § 1291. Both sides acknowledge that we review for plain error because Phyllian did not preserve his objections to the supervised-release conditions before the District Court. To prevail on plain-error review, he must show (1) an error occurred, (2) it was clear or obvious, (3) it affected his substantial rights, and (4) it

---

[2] Standard Condition 13 was cut off in the judgment. We address this in more detail below in Section II.

seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732–36 (1993).

The Government begins by arguing that all the challenged conditions are standard, meaning they are applied to every defendant on supervised release as a matter of course. *See* U.S.S.G. § 5D1.3(c) (recommending the standard conditions for supervised release); *United States v. Blackston*, 940 F.2d 877, 884 n.10 (3d Cir. 1991) (discussing "the standard conditions imposed on every individual placed on supervised release"); Overview of Probation and Supervised Release Conditions at 8, Admin. Office of the U.S. Courts (July 2024), https://www.uscourts.gov/sites/default/files/overview_of_ probation_and_supervised_release_conditions_0.pdf [https://perma.cc/9M58-RJM8] ("Standard conditions are applicable to all defendants.").

And it contends that the proper avenue for changing the conditions would be a motion for modification before the District Court rather than an appeal. 18 U.S.C. § 3583(e)(2) (allowing the District Court to "modify, reduce, or enlarge the conditions of supervised release[] at any time" before the release term ends); *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013) ("District courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release.").

These arguments are unpersuasive. Whether the conditions are applied as a matter of course has little bearing on whether they are inappropriate as applied here, improper delegations of judicial authority, or vague. And while the District Court has discretion to modify the conditions, none of the authorities that the Government cites say that the defendant *must* pursue modification rather than appeal as a remedy.

We therefore turn to the specific conditions on appeal, beginning with Standard Condition 4. It concerns dependents and family responsibilities, and Phyllian objects that this condition is not supported by the record because his daughter is an adult and he has no other family responsibilities. Even assuming that were a clear or obvious error, it would not affect his substantial rights. As the Government points out, if he "has no dependents or family responsibilities," "then he cannot violate this provision." Gov't Br. 18–19. The challenge to Standard Condition 4 fails on plain-error review.

Phyllian next contends that Standard Condition 11, which requires a defendant to tell his probation officer when he is questioned by law enforcement, is impermissibly vague. He argues that "questioned" could mean something as innocuous as "a request for identification at the federal courthouse" or as specific as "part of an official police investigation." Opening Br. 13. Our Court noted that the definition of "questioned" was ambiguous in *United States v. Maloney*, 513 F.3d 350, 358–59 (3d Cir. 2008). But we only found the term vague as applied to the facts of that case, in which the Newark Police Department issued a summons to Maloney for failure to produce a peddler's license after being asked to do so. *Id.* at 352, 359. Phyllian's challenge fails at the second prong of plain-error review. It is not an as-applied challenge, and our precedents do not establish that "questioned" in Standard Condition 11 is clearly or obviously vague in all circumstances. *Id.* at 359 ("[N]or do we hold that all instances of questioning would be the basis for a successful challenge to this standard condition of supervision.").

Phyllian makes three arguments related to Standard Condition 13, which mandates that he follow his probation officer's instruction to notify others if he presents a risk.

5

First, he contends that the condition is vague because its text is cut off in the judgment declaring his sentence. We assume without deciding that the truncated text of the condition is a clear error, satisfying the first two prongs of plain-error review. But this typographical error did not affect Phyllian's substantial rights or the fairness, integrity, or public reputation of judicial proceedings. The only authority he cites regarding the last two prongs is *United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005). It held that "[a] plainly erroneous condition of supervised release will inevitably affect substantial rights, as a defendant who fails to meet that condition will be subject to further incarceration. Similarly, imposing a sentence not authorized by law seriously affects the fairness, integrity, and reputation of the proceedings." *Id.* (internal quotation marks and citations omitted). But *Pruden* dealt with a legal error that could lead to unlawful incarceration. *Id.* at 250–51. The vagueness challenge here does not relate to the substance of the condition, but rather a typographical error. Put differently, *Pruden* addressed conditions that were substantively unlawful, *id.*, not a standard condition reproduced incompletely in the judgment. Phyllian's reliance on *Pruden* is therefore unpersuasive, and this challenge to Standard Condition 13 fails on plain-error review.[3]

---

[3]  To be clear, Phyllian is bound only by the portion of Standard Condition 13 that appears in the judgment, the legally operative document "set[ting] forth . . . the adjudication[] and the sentence." Fed. R. Crim. P. 32(k)(1). *See also Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464 (1936) ("The only sentence known to the law is the sentence or judgment entered upon the records of the court."); *Greene v. United States*, 358 U.S. 326, 329 (1959) (per curiam) (citing *Hill*, 298 U.S. at 464). To the extent a party wishes to incorporate language excluded due to the apparent scrivener's error, it could move the District Court under 18 U.S.C. § 3583(e)(2) to "modify . . . the conditions of supervised release." *See also Hill*, 298 U.S. at 464 (noting that "there is a remedy by motion to correct" an inaccurate judgment). The

6

Second, Phyllian argues that Standard Condition 13 impermissibly delegates judicial authority to the probation officer because it allows him or her to define risk and to decide to whom to report it. Other circuit courts are split on this question. *E.g.*, *United States v. Nash*, 438 F.3d 1302, 1306–07 (11th Cir. 2006) (per curiam) (approving the condition); *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015) (mentioning in dicta that the condition is ambiguous); *United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018) (holding that the condition is ambiguous). Our Court has not yet weighed in. Without a decision from our Court or consensus out-of-circuit authority, the error is not clear or obvious. This contention thus fails at the second prong of plain-error review.

Third, Phyllian contends that Standard Condition 13 is outdated because it does not match the current version of the condition from the Sentencing Commission or the Administrative Office of the U.S. Courts. It was carried over from his first sentencing. Phyllian points to no authority from our Court establishing that outdated conditions must be updated. Even if this were an error, it would not be a clear or obvious error. This argument also fails at the second prong.

Finally, we note that Phyllian raises a new argument in his reply brief: that the District Court violated 18 U.S.C. § 3583(d) because it stated that it did not know which supervised-release conditions it was imposing at the second revocation hearing. But an appellant forfeits an argument not raised in his opening brief. *Kalu v. Spaulding*, 113

---

District Court may also, under Federal Rule of Criminal Procedure 36, act on its own to "correct a clerical error in [the] judgment."

F.4th 311, 344 n.21 (3d Cir. 2024).  "[A]rguments raised in passing . . . but not squarely argued" are also forfeited.  *Id.*  Phyllian thus forfeited this § 3583(d) objection.

\* \* \*

Each of Phyllian's challenges fails under our plain-error standard of review.  We thus affirm the conditions of his supervised release.